# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

JASON TURMON,                  )
#285665,                       )
                               )    CIVIL ACTION NO. 9:15-1274-CMC-BM
                Petitioner,    )
                               )
v.                             )    **REPORT AND RECOMMENDATION**
                               )
WARDEN LEROY CARTLEDGE,        )
                               )
                Respondent.    )
_____)

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on March 16, 2015.[1]

       The Respondent filed a return and motion for summary judgment on June 1, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 2, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a response in opposition on June 29, 2015.

       This matter is now before the Court for disposition.[2]

---

    [1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

    [2]This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)



**Procedural History**

Petitioner was indicted in Pickens County in May 2009 for trafficking cocaine in the amount of 400 or more grams  [Indictment No. 09-GS-39-0595].  (R.pp. 440-441).  Petitioner was represented by Scott Robinson, Esquire, and after a jury trial in March 2010, he was found guilty as charged.  (R.pp. 85-323).  Petitioner was sentenced to twenty-five (25) years imprisonment and a $200,000 fine.  (R.pp. 331, 442).

Petitioner filed an appeal in which he was represented by Tristan Shaffer, Appellate Defender with the South Carolina Commission on Indigent Defense.  Counsel filed an Anders[3] brief seeking to be relieved and raising the following issue:

> Did the trial court's charge on entrapment improperly instruct the jury on the State's burden to disprove Appellant's entrapment defense, when the trial court ordered the jury, "If you find the defendant and *any* predisposition without any government inducement and influence to commit the crime the defense of entrapment would not apply."

(R.p. 448)[Emphasis in original].

Petitioner was notified on August 10, 2011, by the South Carolina Court of Appeals of his right to file a *pro se* brief within forty-five days.  See Court Docket No. 15-2.  Petitioner thereafter submitted a belated "Final *Pro Se* Brief of Appellant" on January 26, 2012, raising the following issues:

———————————————

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Anders v. California, 386 U.S. 738 (1967).  Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.

2



Did Trial Court err in denying motion for mistrial when solicitor "Argued outside the record" in closing arguments[sic] that "the defendant were [sic] dealing drugs three weeks prior to this case" when such facts or testimony were not in the record, and appellant was prejudiced by such remarks as they falsely created evidence to show a "predisposition" to negate Appellant's Entrapment defense.

<u>See</u> <u>See</u> Court Docket No. 15-3, p. 5.

On March 14, 2012, the South Carolina Court of Appeals entered its order relieving counsel and dismissing the direct appeal.  (R.pp. 456-457).  The remittitur was issued on March 30, 2012.  <u>See</u> Court Docket No. 15-4.

On August 13, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; <u>Turman v. State of South Carolina</u>, No. 2012-CP-39-1159; amended on March 5, 2013, raising the following issues:

**Ground One**: Ineffective Assistance of Trial Counsel.

a.  Failure of trial counsel to properly cross-examine state's witnesses.

b.  Failure of trial counsel to object to jury instruction on "hand of one, is hand of all".

c.  Failure of trial counsel  to properly investigate and prepare witnesses for trial.

d.  Requested an erroneous jury charge "on possession, actual and constructive".

e. Failure of trial counsel to object to "the trial court constructive amending of the applicants" charges.

**Ground Two:** Ineffective Assistance of Appellate Counsel.

a.  Failure to raise directed verdict issue on direct appeal.

b.  Failure to raise denial of mistrial on direct appeal.

(R.pp.333-375, 431).

Petitioner was represented in his APCR by R. Mills Ariail, Jr., Esquire, and an

3



evidentiary hearing was held on Petitioner's application on October 24, 2013. (R.pp. 382-429). In an order dated December 6, 2013 (filed on December 11, 2013), the PCR judge denied relief on the APCR in its entirety. (R.pp. 430-439).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by LaNelle DuRant, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issues:

1. Did the PCR court correctly find that trial counsel's overall performance fell below a reasonable standard when counsel did not seek a plea offer; did not review the video with Petitioner before trial; and elicited testimony from the co-defendant that co-defendant and Petitioner Turmon had previously dealt drugs together; but did the PCR court err in finding that Petitioner Turmon was not prejudiced by trial counsel's deficient performance?

2. Did the PCR court err in failing to find trial counsel ineffective for requesting the jury charge on possession of cocaine which the judge gave to the jury when the officers testified that Petitioner Turmon never touched the drugs in this "reverse buy" where the police provided the drugs?

See Court Docket No. 15-6, p. 3.

On January 15, 2015, the South Carolina Supreme Court denied Petitioner's writ of certiorari. See Court Docket No. 15-8. The Remittitur was sent down on February 2, 2015, and filed in the Circuit Court on February 5, 2015. See Court Docket Nos. 15-9 & 15-10.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Ineffective Assistance of Trial Counsel.

Supporting Facts: Trial counsel "entirely failed" to subject the State's case against Turmon to meaningful adversarial testing by:

Inadequate Consultation (having only met with Turmon twice, and never talked about trail strategy)[this claim was established by Turmon's testimony during the State



Court Post-Conviction Relief ("PCR") hearing];

Failing to further cross-examine State's witness Darrell Lewis for clarification of Lewis' "three weeks prior" testimony when record evidence shows events leading to Turmon and Lewis' arrest began just "three-days prior" from promptings of State Witness Travis Cherry, and Lewis' unclarified testimony provided a foundation for State's 'predisposition' assertions in light of a reasonable probability that Turmon's trial jury would've acquitted him due to Turmon not touching or controlling the drugs and was, quite possibly, utilized as a tool by Cherry and Law Enforcement to obtain Lewis, as supported by testimony at trial;

Failing to object where Trial Court gave the no-evidence supporting 'Hand of One, hand of All' instruction to jury (being, as State's primary position was that Turmon and unindicted Lewis were co-defendants', in light of Lewis and Turmon operating in the Cherry-instigated 'reverse sting', Turmon could not be convicted as an 'accessory' until a 'principal' was first convicted), where there is a reasonable probability that the 'Hand of One, Hand of All' jury instruction confused the jury and probably would've acquitted Turmon if that instruction was not given;

Failing to Investigate, Prepare and Utilize Mitigative testimony from character witnesses who would've given testimony against any 'predisposition' argument(s) of the State, where, in conjunction with the purported 'Entrapment' defense Trial Counsel advanced, there is a reasonable probability that the jury would've believed the witnesses testifying to Turmon changing his life for the positive and acquitted him;

Failing to object where Trial Counsel Amended Indictment to add terms which Turmon was not originally indicted for, where, without the Constructive amendment, there is a reasonable probability that Turmon would've received a new indictment with proper charge;

Requesting a charge of 'Possession' to be instructed to the jury (against his own client Turmon) when <u>no</u> record evidence exists to show that Turmon ever possessed any drugs.

See Petition, p. 6 & Attachment.

## **Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no



genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow for the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Procedural Bar)

Petitioner raises numerous ineffective assistance of counsel claims in his Petition. However, Respondent contends that Petitioner's claims relating to counsel's failure to object to the hand of one is the hand of all jury instruction, failure to introduce character witnesses on Petitioner's behalf, and failure to object to the trial court's amending Petitioner's indictment, are not preserved issues because Petitioner did not raise them on either direct or PCR appeal.  A review of Petitioner's appeals confirms that he failed to appeal any of these issues.  See (R.p. 448); Court Docket No. 15-6, p. 3; Court Docket No. 15-3, p. 5.

Since Petitioner did not properly pursue these claims in his state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-



conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not presented any argument for cause in his response in opposition to



summary judgment. Rather, Petitioner simply argues that the State did not present overwhelming evidence at trial and that the State did not prove the charge in the indictment. He does not discuss any potential cause for his procedurally defaulted claims. Therefore, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if any of his defaulted claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477

8



U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, these three (3) ineffective assistance of counsel claims are procedurally barred from consideration by this Court, and must be dismissed.

## II.

### (Remaining Ineffective Assistance Claims)

The PCR court order addressed Petitioner's claims of ineffective assistance of trial counsel relating to his pretrial investigation and consultation with the Petitioner, failure to adequately cross-examine witness Lewis, and requesting a "possession" jury charge. (R.pp. 432-438). Petitioner had the burden of proving the allegations in his PCR petition, as well as on appeal to the South Carolina Court of Appeals. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986); <u>see also</u> <u>See</u> Court Docket No. 15-8. The PCR court rejected these and other claims[4], making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Turmon v. State of South Carolina</u>, No. 12-CP-39-1159.

Specifically, the PCR judge found that: 1) Petitioner testified that he had two meetings with his trial counsel before trial; 2) Petitioner stated that he told trial counsel his version of events but that they never reviewed the elements of the charges or the trial strategy; 3) Petitioner stated that trial counsel failed to cross-examine Darrell Lewis (his co-defendant) to clarify his statement that the Petitioner called him three weeks before the drug deal; 4) Petitioner stated that trial counsel should have objected to the "hand of one is hand of all" jury instruction because in order for the jury to

---

[4]While not all of the issues before the PCR court were properly preserved in Petitioner's PCR appeal, the undersigned has listed all of the findings made by the PCR court even though some of those findings pertain to other issues. <u>See</u> discussion, <u>infra</u>.



consider this, Lewis would have to have been found guilty first; 5) Petitioner stated that trial counsel should have objected to the trial judge's "constructive amendment" of the indictment; 6) Petitioner stated the trial judge broadened the indictment at trial; 7) Petitioner stated trial counsel should not have requested a jury charge of possession;

8) trial counsel testified he filed discovery motions and received those materials from the State; 9) trial counsel testified he gave the Petitioner a copy of the discovery materials, which did not include the videotape; 10) trial counsel testified his practice would have been to review the video independently; 11) trial counsel testified the Petitioner relayed his version of the events; 12) trial counsel testified it would have been his practice to explain the concept of "hand of one is hand of all" to the Petitioner; 13) trial counsel testified that Petitioner was still culpable even if he never touched the drugs; 14) trial counsel testified he could not recall the strategy behind asking for a jury charge on possession (but that it may have been in order to achieve a verdict on a lesser-included offense); 15) trial counsel testified that he did not recall pursuing plea negotiations with the State and that this case was difficult because of the videotape and audiotape evidence against the Petitioner;

16) Petitioner failed to meet his burden of proving trial counsel did not adequately cross-examine Lewis; 17) Lewis testified at trial that Petitioner called him three weeks before drug transaction and asked if he wanted to "make a buy"; 18) on cross-examination, trial counsel questioned Lewis about the fact that he had not been charged with any offense as a result of this transaction; 19) while Petitioner testified that trial counsel should have more thoroughly questioned Lewis about the "three weeks" statement, the PCR Court found that he had failed to demonstrate that trial counsel erred in not pursuing that line of questioning and instead focusing on attacking Lewis' credibility with the information that he had not been charged; 20) when the assistant solicitor stated



Lewis and the Petitioner were <u>dealing</u> drugs three weeks before this incident, trial counsel properly objected to the mischaracterization of his testimony and moved for a mistrial; 21) Petitioner failed to demonstrate that trial counsel was deficient in not more thoroughly cross-examining Lewis and that his case was prejudiced as a result; 22) Petitioner failed to meet his burden of proving trial counsel should have objected to the "hand of one" jury instruction; 23) the State presented a strong case at trial that the Petitioner worked with other individuals in order to facilitate a drug transaction;

24) based on the facts of this case, there was no basis for trial counsel to have objected to the accomplice liability (or "hand of one is hand of all") jury instruction; 25) Petitioner failed to meet his burden of proving trial counsel should have objected to the "constructive amendment" of the indictment; 26) Petitioner stated the trial judge constructively amended the indictment between the time he read it to the jury at the start of the trial and the time of the jury charge; 27) however, the trial judge merely read aloud the written verbiage of the indictment at the beginning of trial and the proper jury instruction for trafficking at the end of trial; 28) there was no reason for trial counsel to have objected; 29) Petitioner failed to meet his burden of proving trial counsel should not have requested the jury charge for possession; 30) the State presented evidence at trial that a "reverse buy" was set up where an undercover officer would provide the drugs and the confidential informant would arrange for Lewis and Petitioner to buy them; 31) the phone calls setting up the transaction were recorded and the transaction itself was videotaped (with law enforcement in the next room watching the event as it happened); 32) Petitioner never actually touched the narcotics; 33) trial counsel requested a jury charge on actual and constructive possession and this was charged to the jury; 34) trial counsel testified that he could not recall why he asked for this charge; 35) this request was clearly part of trial counsel's strategy; 36) one of the key points argued by defense at trial was that

11



the Petitioner never touched either the drugs or money in this case; 37) clearly trial counsel hoped the jury would find that, as such, Petitioner never possessed the drugs;

38) with regard to trial counsel's preparation of the case and execution of the strategy at trial - the Petitioner met his burden of proving counsel was deficient under the first prong of Strickland;[5] 39) while Petitioner failed to prove deficiency on the specific issues discussed above, he demonstrated to the Court that trial counsel's overall performance did fall below an objective standard; 40) trial counsel did not refute Petitioner's testimony that they only had two meetings before trial; 41) trial counsel did not review the audiotape or videotape evidence with the Petitioner before trial; 42) there is no evidence trial counsel attempted to obtain a plea offer from the State on this serious charge; 43) most importantly, while trial counsel's strategy was to argue an entrapment defense at trial, he actually elicited testimony from Lewis that he and Petitioner had previously dealt drugs together; 44) however, Petitioner failed to prove the second prong of the Strickland test that he was prejudiced by trial counsel's performance; 45) the State presented overwhelming evidence of the Petitioner's guilt; 46) the State put together a "reverse buy" in this case and presented ample and compelling evidence to the jury in the form of testimony, audiotape, and videotape evidence; 47) Petitioner told the sentencing judge that "I knew what I was doing was wrong"; 48) as such, Petitioner did not meet his burden of showing both prongs of the Strickland test;

49) Petitioner raised two specific issues of ineffective assistance of appellate counsel that counsel failed to raise on appeal - the denial of the motion for directed verdict and the denial of the motion for a mistrial; 50) Petitioner failed to meet his burden that appellate counsel should have briefed these two issues; 51) based on the overwhelming evidence of Petitioner's guilt, he failed to

---

[5]Strickland v. Washington, 466 U.S. 668 (1984).



meet his burden of proving appellate counsel erred in not raising the two issues he wanted; 52) Petitioner failed to prove that appellate counsel failed to render reasonably effective assistance of counsel under the prevailing professional norms; 53) Petitioner failed to present any specific and compelling evidence that appellate counsel committed either errors or omissions in his representation of the Petitioner; 54) Petitioner also failed to prove the second prong of the Strickland test, that he was prejudiced by his appellate counsel's performance; and

55) as to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this order, Petitioner failed to present any testimony, argument, or evidence at the hearing regarding such allegations, and had abandoned any such allegations. (R.pp. 432-438).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the



issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, with regard to Petitioner's ineffective assistance of counsel claims which were adjudicated on the merits by the South Carolina state court(s), this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

14



deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

For the reasons set forth and discussed hereinbelow, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**A.**

**Ineffective Assistance of Counsel due to the nature of
counsel's pretrial investigation and consultation with Petitioner**

Petitioner alleges that counsel only met with him twice and never discussed trial strategy with him. See Attachment to the Petition, p. 2. At Petitioner's APCR, he testified that his counsel only met with him twice. (R.p. 401). Petitioner also testified that counsel did not review the audiotape or videotape evidence with him prior to trial, nor did he discuss the elements of proof of the charge in general with him or ever discuss a possible plea. (R.p. 402). Petitioner's trial counsel did not contest that he did not review the videotape or audiotape with the Petitioner, but testified that he did meet with the Petitioner and that his general practice is to "review the incident reports and statements and all that prior to trial".[6] (R.p. 414). The PCR judge held that, with regard to trial counsel's preparation of the case and execution of the strategy at trial, the Petitioner has met his burden of proving counsel was deficient under the first prong of Strickland. The PCR Court found that, while Petitioner had failed to prove deficiency with respect to the specific individual issues

---

[6]This was actually in the form of a question, to which counsel responded "yes". (R.p. 414).

15



raised in his APCR, he had demonstrated that trial counsel's *overall* performance fell below the objective standard of reasonableness. (R.p. 436). Even so, the PCR Court then found that due to the overwhelming evidence of his guilt, Petitioner had not shown that he had been prejudiced by his counsel's performance, and that Petitioner had therefore not met the second prong of the <u>Strickland</u> test. (R.pp. 436-437). The undersigned can discern no reversible error in this finding. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; <u>Evans</u>, 220 F.3d at 312.

  The evidence shows that a sting operation involving a reverse drug buy was set up in this case. (R.pp. 112-113, 118, 141-143, 151-152). Petitioner participated in three separate phone calls prior to the drug sale wherein he indicated that he intended to buy a large quantity of cocaine at a specific time and place. (R.pp. 138-140). Travis Cherry, a friend of the Petitioner's who was acting as a confidential informant[7], contacted Petitioner to see if he was interested in buying a kilo of cocaine from a third party. (R.pp. 190-193). The testimony was that Petitioner telephoned Darrell Lewis, who was not participating with authorities, approximately three weeks prior to the buy, and he and Lewis continued to go back and forth planning the purchase from Cherry up until the time of the sale. (R.pp. 215-223). Petitioner initiated telephone calls to Cherry to arrange the purchase of drugs as well as to make arrangements to test the quality of the cocaine and to be able to adequately weigh the cocaine. (R.pp. 140, 195, 242). Petitioner arrived and actively participated in the deal to purchase a kilo of cocaine. (R.pp. 119-120). Lewis, who later testified for the State, also was at the apartment where the buy was occurring and witnessed the deal. (R.pp. 157-160). Petitioner entered and exited the apartment at least a couple of times prior to completing the purchase. (R.p. 159).

---

[7]Cherry was working as a confidential informant in exchange for a plea bargain. (R.p. 190).



When he entered the last time, he was carrying a shopping bag with $24,480[8] and a Pyrex dish, following which the money was exchanged for the drugs. (R.pp. 160-161). The evidence further showed that law enforcement watched the drug transaction from a live video feed established in a back room and arrested Petitioner on the scene at the time the money was exchanged. (R.pp. 120-122). Audio recordings of the telephone conversations between Cherry and the Petitioner were published to the jury at trial, as was the video recording of the deal itself. (R.pp. 194, 243). Cherry testified that the sale could not have happened without the Petitioner. (R.p. 196). Further, at sentencing, Petitioner testified that he "knew it was wrong, but [he] let his pride get in the way." (R.p. 330).

Based on the facts of the case including, but not limited to, the audiotape and videotape evidence and Petitioner's own statement, the PCR court found that the Petitioner failed to show that he suffered the necessary prejudice with respect to this claim to establish the second prong of the Strickland test. The undersigned agrees. Cf. Franklin v. Catoe, 552 S.E.2d 718, 722, n. 3 (S.C. 2001) [Finding that overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of Defendant's trial]. Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

---

[8]Lewis testified that he and Petitioner agreed on a total price of $24,500 a few days prior to the sale. Of that amount, $500 was for Petitioner. (R.pp. 216-219, 222).



court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

**B.**

**Ineffective assistance of counsel in the handling
of Darrell Lewis on cross examination**

Petitioner alleges that his counsel was ineffective for failing to further cross examine Darrell Lewis to clarify Lewis' testimony that he and Petitioner talked three weeks prior to the drug transaction, when it was actually only three days. See Attachment to Complaint, p. 2. At trial, Lewis testified on direct examination that Petitioner called him about three weeks prior to trial about the possibility of buying the drugs. (R.p. 215). On cross examination, Petitioner's counsel repeatedly questioned Lewis about the fact that he hadn't been charged and was cooperating with the police. (R.pp. 225-227). At the end of the examination, Petitioner's counsel asked Lewis if he had ever had any prior dealings with Petitioner before this time regarding drugs, to which he responded "Yes." (R.p. 226).

The PCR court concluded that Petitioner had failed to demonstrate that trial counsel was deficient in not more thoroughly cross-examining Lewis or that his case was prejudiced as a result. The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to counsel's cross-examination of Lewis at his trial. Lewis testified that he was involved with Petitioner in the drug deal at issue in this case, and counsel was simply unable to get Lewis to testify otherwise or contradict himself. Even assuming arguendo that Petitioner's trial counsel could have conducted a more thorough cross-examination and that his cross-

18



examination was objectively unreasonable, which the Court does not specifically find, Petitioner still has not shown the necessary prejudice to meet the second prong of the <u>Strickland</u> test.  <u>See</u> discussion, <u>supra</u>.

Therefore, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].  This claim is without merit and should be dismissed.

### C.

### Ineffective Assistance of Counsel due to Counsel's request for a jury charge on possession

Petitioner alleges that counsel was ineffective for requesting that a charge of possession be instructed to the jury when there was no record that Petitioner ever possessed any drugs.  <u>See</u> Attachment to Complaint, p. 4.  The record confirms that trial counsel requested a jury charge on actual and constructive possession and this was charged to the jury.  (R.pp. 269-270, 308-309).  The PCR Court found that the evidence at trial showed that Petitioner never actually touched the drugs, but also found that although trial counsel testified he could not recall why he asked for this charge, this request was clearly part of trial counsel's strategy.  (R.pp. 423-424, 435).  The PCR Court stated that one of the key points argued by the defense at trial was that Petitioner never touched either

19



the drugs or money in this case, and that trial counsel hoped the jury would find that, as such, he never "possessed" the drugs. (R.p. 435). The undersigned does not find any reversible error in this conclusion. Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.]. Furthermore, even assuming that counsel had been deficient in requesting such a charge, Petitioner has again not shown that he suffered the necessary prejudice to meet the second prong of the Strickland test. See discussion, supra.

Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 20, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**


      The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

      Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

      **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

