IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jason Turmon, #285665, | ) | C/A NO.  9:15-1274-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on the *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report").  On August 20, 2015, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition dismissed with prejudice.  Petitioner filed objections to the Report on September 8, 2015.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record as to the objections made, and after

1

considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

In response to the Report's finding that Petitioner has failed to establish cause for the procedural default of several of his ineffective assistance of counsel claims, Petitioner argues that Post-Conviction Relief (PCR) counsel was ineffective in failing to raise the defaulted issues in the appeal of the PCR court's decision denying relief to Petitioner.  Obj. at 2-3, ECF No. 24.  Petitioner cites *Martinez v. Ryan*, 565 U.S. __, 132 S. Ct. 1309 (2012), in support of his position.

A habeas petitioner generally is procedurally barred from obtaining federal habeas review of a claim if he failed to raise and exhaust the claim in state court.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977).  Under this procedural default doctrine, habeas review of the claim will be permitted only if the petitioner can demonstrate (1) cause for the default and prejudice resulting therefrom or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750.

In some circumstances, a defendant may establish cause if he was represented by counsel whose performance was constitutionally ineffective under the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Coleman*, 501 U.S. at 752; *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  In *Coleman*, however, the Supreme Court held that because "[t]here is no constitutional right to an attorney in state postconviction proceedings," a federal habeas "petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings" to establish cause.  *Coleman*, 501 U.S. at 752.  The *Martinez* exception "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or

successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Martinez*, 132 S. Ct. at 1320. (emphasis added) (citations omitted).

Because Petitioner cannot establish cause for his failure to properly exhaust his claims of ineffective assistance of counsel regarding to counsel's failure to object to the hand of one is the hand of all jury instruction, failure to introduce character witnesses on Petitioner's behalf, and failure to object to the trial court's amending Petitioner's indictment, Respondent is entitled to summary judgment on these claims.

Petitioner also objects to the Report's finding that no basis exists for overturning the PCR Court's other rulings. *See* Obj. at 3-5. These objections are without merit and are rejected.

Respondent's motion for summary judgment (ECF No. 14, filed June 1, 2015) is **granted** and the petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie

CAMERON MCGOWAN CURRIE

SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

October 13, 2015